IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR- 63,253-01 and 02






EX PARTE PERRY ZANE MILNE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


 CAUSE NOS. 35,276 and 35,277 IN THE 400th JUDICIAL DISTRICT COURT 

FORT BEND COUNTY



 

 Per Curiam.


 O R D E R



 These are applications for a writ of habeas corpus which were transmitted to this
Court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was
convicted of the offenses of evading arrest and arson, and punishment was assessed at
confinement for ten years and fifteen years, respectively. Applicant's convictions were
affirmed on appeal. Milne v. State No. 04-02-00737-CR (Tex. App. --San Antonio,
delivered July 23, 2003, pet. ref'd), and Milne v. State, No. 04-02-00738-CR (Tex. App.
--San Antonio, delivered July 23, 2003, no pet.).

 Applicant contends that his pleas of guilty were rendered involuntary due to false
promises made by counsel, and that counsel rendered ineffective assistance in these causes.

 The trial court has entered orders stating that "no issues of fact and questions of law
that need to be resolved regarding and Applicant's writ is denied". The trial court's orders
do not sufficiently resolve the issues raised by the Applicant. We believe that Applicant has
alleged facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or
interrogatories from counsel, or it may order a hearing. In the appropriate case the trial court
may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's pleas were rendered involuntary due to false promises made by
counsel, and whether counsel rendered ineffective assistance in these causes. The trial court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the applications for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1st DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.